UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and ENDURANCE AMERICAN INSURANCE COMPANY,

Plaintiffs, 26-CV-7638-JHR-SDA

v.

ZIM INTEGRATED SHIPPING SERVICES LTD., EASTLINK SUPPLY CHAIN MANAGEMENT CO., LTD., and EURO CARGO EXPRESS, INC.,

Defendants.

-----------------------------------------------------------

**EASTLINK SUPPLY CHAIN MANAGEMENT CO., LTD.'S ANSWER**
**TO COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS**

Defendant Eastlink Supply Chain Management Co., Ltd. ("Eastlink"), by and through its attorneys, Tisdale & Nast Law Offices, LLC, as and for its Answer to the Complaint dated September 4, 2026, hereby states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first paragraph of the Complaint.

2. Admits the allegations contained in the second paragraph of the Complaint.

3. Denies the allegations in the third paragraph of the Complaint as alleged against Eastlink.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth paragraph of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth paragraph of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth paragraph of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh paragraph of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the eighth paragraph of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the ninth paragraph of the Complaint.

10. Admits the allegations contained in the tenth paragraph of the Complaint.

11. Admits at all times relevant hereto, Defendant Eastlink was and now is engaged in business as a non-vessel operating common carrier ("NVOCC") and/or ocean transportation intermediary ("OTI"), registered with the U.S. Federal Maritime Commission (org. no. 028598) but, except as so admitted, denies the allegations contained in the eleventh paragraph of the Complaint.

12. Denies the allegations in the twelfth paragraph of the Complaint as this is a legal conclusion.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the thirteenth paragraph of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourteenth paragraph of the Complaint.

15. Denies the allegations in the fifteenth paragraph of the Complaint as alleged against Eastlink.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the sixteenth paragraph of the Complaint.

17. Denies the allegations in the seventeenth paragraph of the Complaint as alleged against Eastlink.

18. Denies the allegations in the eighteenth paragraph of the Complaint as alleged against Eastlink.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the nineteenth paragraph of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the twentieth paragraph of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the twenty-first paragraph of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the twenty-second paragraph of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the twenty-third paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiffs' Complaint fails to state a claim.

### SECOND AFFIRMATIVE DEFENSE

2. This Court is an inconvenient and improper venue for this action.

**THIRD AFFIRMATIVE DEFENSE**

3. This Court lacks personal jurisdiction over this Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

4. The said shipment was transported on the said vessel and was discharged and delivered subject to the bill of lading issued therefor, and tariff by which the shippers, owners, consignees and holders of said bill of lading agreed to be and are bound, and were subject also to the provisions of the United States Carriage of Goods by Sea Act, approved April 16, 1936 and/or the Harter Act. Any loss and/or injury and/or damage alleged to have been suffered by the shipment was due to a cause or causes for which this defendant is not liable or responsible by virtue of the provisions of the United States Carriage of Goods by Sea Act and/or Harter Act, and/or The Hague Rules and/or similar legislation and/or provisions of the said bill of lading and/or tariff and/or other applicable provisions of the contract of carriage or of law.

**FIFTH AFFIRMATIVE DEFENSE**

5. In the event that any liability is adjudged against this answering Defendant, then the liability of this Defendant is restricted and limited to U.S. $500 per package, or in case of goods not shipped in package, per customary freight unit, in accordance with the provision of the United States Carriage of Goods by Sea Act, 46 U.S.C. 30701, § 4(5) or some other limitation amount set forth in the governing legislation.

**SIXTH AFFIRMATIVE DEFENSE**

6. The United States Carriage of Goods by Sea Act provides among other things, as follows:

(2) Neither the carrier nor the ship shall be held responsible for loss or damage arising or resulting from-

******

Fire, unless caused by the actual fault or privity of the carrier;

(c) Perils, dangers and accidents of sea or other navigable waters;

(d) Act of God;

(i) Act or omission of the shipper or owner of the goods, his agent or representative;

(m) Wastage in bulk or weight or any other loss or damage arising from inherent defect, quality or vice of the goods;

(n) Insufficiency of packing;

(p) Latent defects not discoverable by due diligence; and Defendants claim the benefit of these provisions as appropriate.

(q) Any other cause arising without the actual fault of the privity of the carrier and without the fault or neglect of the agents or servants of the carrier, but the burden of proof shall be on the person claiming the benefit of this exception to show that neither the actual fault of privity of the carrier nor the fault or neglect of the agents or servants of the carrier contributed to the loss or damage.

**SEVENTH AFFIRMATIVE DEFENSE**

7. The Plaintiffs' claim is barred by the applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

8. The doctrine of laches bars the claims asserted in the Plaintiffs' Complaint.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiffs are not the proper parties in interest.

**TENTH AFFIRMATIVE DEFENSE**

10. This Defendant adopts all limitations and/or defenses in any bills of lading, waybills, or other contracts of carriage applicable to this case.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Prior to and at all times referenced in the Complaint, the shipowner failed to exercise due diligence to make the M/V MISSISSIPPI seaworthy. The M/V MISSISSIPPI was, at

all relevant times, unfit to undertake the service in which it was engaged. The losses, damages, encumbrances, and/or charges and costs suffered by or in connection with cargoes were caused in whole or in part by the shipowner's failure to exercise due diligence to make the M/V MISSISSIPPI seaworthy at the commencement of the voyage.

**TWELFTH AFFIRMATIVE DEFENSE**

12. The losses, damages, and/or charges and expenses suffered by or in connection with cargoes, as well as the casualty alleged in the Complaint and the events following on from the casualty, were caused in whole or in part by the fault, design or neglect, or want of care of the Plaintiffs, and/or the M/V MISSISSIPPI, and/or those in charge of the M/V MISSISSIPPI, and/or those for whom Plaintiff\ is responsible.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. The losses, damages, and/or charges and expenses suffered by or in connection with cargoes, as well as the casualty alleged in the Complaint and the events following on from the casualty, resulted from causes within the privity and knowledge of Plaintiff, and/or their officers, directors, managers, supervisors, superintendents, and/or such persons whose privity and knowledge are imputable to Plaintiffs or Plaintiffs' subrogors.

**CROSS-CLAIM AGAINST ZIM INTEGRATED SHIPPING SERVICES LTD.**

Eastlink Supply Chain Management Co., Ltd. ("Eastlink"), as and for its Crossclaim against Zim Integrated Shipping Services Ltd. ("Zim"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within this Court's Admiralty Jurisdiction.

2. At and during all times hereinafter mentioned, Eastlink was and still is a legal entity duly formed and existing under the laws of a foreign country. Eastlink is a non-vessel owning common carrier ("NVOCC") and brings this Crossclaim for indemnity and/or contribution with respect to cargoes laden aboard the M/V MISSISSIPPI ("Vessel"), which were lost, damaged or encumbered, and/or were otherwise caused to suffer losses or to incur costs.

3. Eastlink is an NVOCC which acts as a transportation intermediary which arranges for the shipment of cargo for its customers including to and from ports of the United States.

4. At and during all times relevant hereto, Zim was and now is a corporation or other business entity organized and existing by virtue of foreign law and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel.

5. As an NVOCC, Eastlink engages and contracts with vessel operating common carriers ("VOCC") such as Zim to provide actual ocean carriage of cargo. In this case, Eastlink in its role as NVOCC contracted with Zim in its role as VOCC to provide actual ocean carriage of the Shipments aboard the Vessel.

6. Eastlink seeks indemnity for all costs and liability, if any, assessed against it, which is denied, regarding any claim arising out of the bills of lading and/or container Nos. identified in Plaintiffs' Complaint (ECF 1) at Schedule A (the "Shipments") which were carried on behalf of shippers and/or consignees on whose behalf Eastlink was acting.

7. Eastlink has duly performed all duties and obligations on its part to be performed.

8. For the instant voyage, Plaintiffs allege that the Shipments were delivered to the Vessel in good order and condition which the Vessel received and, by extension, Zim received, accepted and agreed to transport for certain consideration to the place of destination in like order

and condition. Plaintiffs allege (and Eastlink denies) that the Shipments were not delivered in the same order and condition as when delivered to the Vessel.

9. Eastlink was an NVOCC acting on behalf of the shippers, consignees, owners, insurers, or others who had an interest in the Shipments to arrange for the transportation of the Shipments.

**CAUSE OF ACTION FOR INDEMNITY AND/OR CONTRIBUTION**

10. Eastlink repeats and realleges each and every allegation set forth in paragraphs one (1) through nine (9), inclusive, as if set forth herein at length.

11. The cargo relating to the Shipments were tendered to Zim for carriage to its respective destination ports, and Zim undertook the responsibility to carry same to their respective destination ports and redeliver same in the same condition as received.

12. To the extent that Plaintiffs successfully establish that damage to cargo or other claims arising out of cargo aboard the Vessel was caused by breaches and/or faults of Eastlink, and/or its employees, agents or servants, and/or that Eastlink is held liable for any claim for cargo damage or other claim for payment or reimbursement for salvage, general average, or otherwise, which are denied, Eastlink is entitled to indemnity and/or contribution for any such damages from Zim.

13. If any loss or damage was sustained by the Plaintiffs, which is specifically denied, such loss or damage was caused by and/or contributed to by the default, negligence, omissions, carelessness and/or breach of duty by Zim. No acts or omissions of Eastlink contributed in any way to any alleged losses or damages sustained by Plaintiffs.

14. By reason of the premises, Eastlink is entitled to be indemnified by Zim and the Vessel in respect of any liability it may have to any third party relating to the above described Shipment.

WHEREFORE, Eastlink Supply Chain Management Co., Ltd. prays:

1. That the Complaint by be dismissed with prejudice; or

2. That Eastlink be granted indemnity in full and/ or contribution from Zim for any liability that is assessed against it, including the costs of defense and attorneys' fees; and

3. That Eastlink be granted such other and further relief as may be deemed just and reasonable.

Dated: November 6, 2026
New York, NY

Attorneys for the Defendant,
Eastlink Supply Chain Management Co., Ltd.,

/s/ *Timothy J. Nast*

Timothy J. Nast
Tisdale & Nast Law Offices, LLC
Chrysler Building
405 Lexington Ave., 26th Floor
New York, NY 10174
Tel: 212 354 0025
Fax: 212 869 0067
*tnast@tisdale-law.com*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2026 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing (see below). Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

/s/
Timothy J. Nast