**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and ENDURANCE AMERICAN INSURANCE COMPANY,<br><br>Plaintiff(s)<br><br>v.<br><br>ZIM INTEGRATED SHIPPING SERVICES LTD., EASTLINK SUPPLY CHAIN MANAGEMENT CO., LTD., and EURO CARGO EXPRESS INC.,<br><br>Defendant(s) | Civil Action No. 26-cv-7638 |

**EURO CARGO'S ANSWER TO THE COMPLAINT**
**WITH CROSSCLAIMS AND ANSWER TO CROSSCLAIMS**

Defendant, Euro Cargo Express Inc. ("Euro Cargo"), by and through its attorneys Casey & Barnett, LLC, hereby answers the Complaint of plaintiffs, Travelers Property Casualty Company of America and Endurance American Insurance Company (collectively, "Plaintiffs"), upon information and belief, as follows:

1. Paragraph 1 of the Complaint does not assert factual allegations for which a response is required. To the extent a response is required, Euro Cargo denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Euro Cargo defers all questions of law to the Court. To the extent that a response is required, Euro Cargo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3. Euro Cargo defers all questions of law to the Court. To the extent that a response is required, Euro Cargo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4. Euro Cargo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

5. Euro Cargo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6. Euro Cargo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7. Euro Cargo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8. Euro Cargo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9. Euro Cargo defers all questions of law to the Court. To the extent that a response is required, Euro Cargo admits the allegations in Paragraph 9 of the Complaint.

10. Euro Cargo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11. Euro Cargo defers all questions of law to the Court. To the extent that a response is required, Euro Cargo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12. Euro Cargo defers all questions of law to the Court. To the extent that a response is required, Euro Cargo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13. Euro Cargo admits the allegations in Paragraph 13 of the Complaint.

14. Euro Cargo defers all questions of law to the Court. To the extent that a response is required, Euro Cargo admits the allegations in Paragraph 14 of the Complaint.

15. Euro Cargo defers all questions of law to the Court. To the extent that a response is required, insofar as the allegations in paragraph 15 of the Complaint refer to or include Euro Cargo, Euro Cargo admits that it agreed to arrange the ocean carriage of shipment(s) but denies that said shipment(s) were tendered and delivered into the care, custody, and/or control of Euro Cargo, that said shipment(s) were received and accepted by Euro Cargo, and that Euro Cargo agreed to transport the said shipment(s) to destination. Euro Cargo otherwise denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 15 of the Complaint.

16. Euro Cargo admits that on or about September 9, 2025, containers fell overboard from the M/V MISSISSIPPI, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 16 of the Complaint.

17. Insofar as the allegations in paragraph 17 of the Complaint refer to or include Euro Cargo, Euro Cargo denies the allegations in paragraph 17 of the Complaint. Euro Cargo otherwise denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 17 of the Complaint.

18. Insofar as the allegations in paragraph 18 of the Complaint refer to or include Euro Cargo, Euro Cargo denies the allegations in paragraph 18 of the Complaint. Euro Cargo otherwise denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 18 of the Complaint.

19. Euro Cargo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20. Euro Cargo defers all questions of law to the Court. To the extent that a response is required, Euro Cargo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21. Euro Cargo defers all questions of law to the Court. To the extent that a response is required, Euro Cargo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22. Euro Cargo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

23. Euro Cargo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

## AFFIRMATIVE DEFENSES

Subject to foregoing denials of liability for the loss or damage alleged by Plaintiffs and without assuming any burdens of proof, persuasion, or production not otherwise legally assigned to Euro Cargo as to any element of Plaintiffs' claims, Euro Cargo asserts the following affirmative and other defenses:

24. **First Affirmative Defense.** The Complaint fails to state a claim for relief upon which relief can be granted against Euro Cargo.

25. **Second Affirmative Defense.** In the event that Plaintiffs had no, or have no, title to or interest in the subject shipment, then Plaintiffs are not the real party in interest herein and are not entitled to maintain this suit.

26. **Third Affirmative Defense.** Plaintiffs' claims are barred, in whole or in part, by the applicable limitation periods set forth by statute, regulation, tariff, and/or agreement.

27. **Fourth Affirmative Defense.** Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

28. **Fifth Affirmative Defense.** No act or omission by Euro Cargo caused the loss or damage alleged in the Complaint, which were otherwise not foreseeable.

29. **Sixth Affirmative Defense.** The loss or damage alleged in the Complaint, if any, was caused by other parties, whether a party to this action, over whom Euro Cargo had no control and for whose acts or omissions Euro Cargo is not responsible or liable.

30. **Seventh Affirmative Defense.** The loss or damage alleged in the Complaint, if any, occurred while the cargo was in the care, custody, and/or control of other parties, whether a party to this action.

31. **Eighth Affirmative Defense.** The loss or damage alleged in the Complaint, if any, was directly and proximately caused by intervening and superseding causes for which Euro Cargo is not responsible or liable.

32. **Ninth Affirmative Defense.** Euro Cargo exercised reasonable care at all times relevant hereto in connection with the events alleged in the Complaint. Euro Cargo is not responsible for the loss or damage alleged in the Complaint, which, if any, were caused by events that could not be avoided and the consequences of which could not be prevented by the exercise of reasonable diligence.

33. **Tenth Affirmative Defense.** Plaintiffs' claims are barred, in whole or in part, by the terms and conditions of service agreed upon by the parties and/or contained in the shipping documents issued in connection with the subject shipment(s), including but not limited to, the

terms and conditions set forth in Euro Cargo's Terms and Conditions of Service Agreement (the "Terms and Conditions of Service Agreement"), any applicable contracts, and/or any applicable bills of lading, waybills, letters of instruction, warehouse receipts, manifests, delivery orders, tariffs, and/or invoices. Euro Cargo reserves the right to rely on any terms and conditions set forth in any shipping documents issued by other parties, whether a party to this action, in connection with the subject shipment(s).

34. **Eleventh Affirmative Defense.** Euro Cargo is entitled to all rights, defenses, limitations of liability, and immunities contained in the terms and conditions of service agreed upon by the parties and/or the shipping documents issued in connection with subject shipment(s), including but not limited to, the terms and conditions set forth in the Terms and Conditions of Service Agreement, any applicable contracts, and/or any applicable bills of lading, waybills, letters of instruction, warehouse receipts, manifests, delivery orders, tariffs, and/or invoices. Euro Cargo reserves the right to rely on any terms and conditions set forth in any shipping documents issued by other parties, whether a party to this action, in connection with the subject shipment(s).

35. **Twelfth Affirmative Defense.** To the extent Plaintiffs seek the recovery of special or consequential damages, they are not recoverable under the terms and conditions of service agreed upon by the parties, the shipping documents issued in connection with the subject shipment(s), and/or under the controlling applicable law.

36. **Thirteenth Affirmative Defense.** The Terms and Conditions of Service Agreement provides:

8.Limitations of Liability for Loss, etc (a) The CUSTOMER agrees, that with respect to customs brokerage, freight forwarding and distribution services related thereto, that EURO CARGO shall only be liable for any loss, damage expense or delay to the goods resulting from the gross negligence of EURO CARGO; such liability shall be limited to an amount equal to the lesser of fifty dollars ($50.00) per entry or shipment or the fee(s) charged for services, provided that, in the case of partial loss, such amount will be adjusted, pro rata.;
(b) With respect to warehouse storage and freight distribution services, limitations of liability for loss shall be as set out in the Warehouse Receipt Agreement;
(c) Where the EURO CARGO issues its own bill of lading and receives freight charges as its compensation, CUSTOMER has the option of paying a special compensation and increasing the limit of EURO CARGO's liability up to the shipment's actual value; however, such option must be exercised by written agreement, entered into prior to any covered transaction(s), setting forth the limit of EURO CARGO's liability and the compensation received; and
(d) Customer agrees that EURO CARGO shall, in no event, be liable for consequential, punitive, statutory or special damages in excess of the monetary limit provided for in sections (a), (b), and (c) of this paragraph.

37. The customer did not exercise its option to increase Euro Cargo's limit of liability for the subject shipment(s).

38. Accordingly, in the event the Court determines that Euro Cargo is liable for Plaintiffs' alleged damages, which is expressly denied, Euro Cargo's liability for any such damages is limited to $50 per shipment.

39. **Fourteenth Affirmative Defense:** The loss or damage alleged in the Complaint, if any, was caused by the acts or omissions of other parties, whether a party to this action, without any intervening act or omission on the part of Euro Cargo.

40. **Fifteenth Affirmative Defense.** The loss or damage alleged in the Complaint, if any, was caused by conditions and/or circumstances beyond the control of Euro Cargo and for which Euro Cargo is not responsible or liable.

41. **Sixteenth Affirmative Defense.** Plaintiffs have failed to join indispensible parties under Rule 19 of the Federal Rules of Civil Procedure.

42. **Seventeenth Affirmative Defense.** Euro Cargo was never in possession of the subject shipment(s), and therefore is not responsible or liable for any loss or damage alleged in the Complaint.

43. **Eighteenth Affirmative Defense.** The Terms and Conditions of Service Agreement provides:

> 2.Liability Limitation of Third Parties. EURO CARGO is authorized to select and engage carriers, truck men, lighter men, forwarders, customs brokers, agents, warehousemen and others, as required, to transport, store, deal with and deliver the goods, all of whom shall be considered as the agents of the CUSTOMER, and the goods may be entrusted to such agencies subject to all conditions as to limitation of liability for loss, damage, expense or delay and to all rules, regulations, requirements and conditions, whether printed, written or stamped, appearing in bills of lading, receipts or tariffs issued by such carriers, truck men, lighter men, forwarders, customs brokers, agents, warehousemen and others. EURO CARGO shall under no circumstances be liable for any loss, damage, expense or delay to the goods for any reason whatsoever when said goods are in custody, possession or control of third parties selected by EURO CARGO to forward, enter and clear, transport or render other services with respect to such goods. If EURO CARGO performs any such services itself, EURO CARGO is subject to the limitation of liability set forth in paragraphs 8 and 9 below.

44. Because the alleged loss or damage alleged in the Complaint, if any, occurred while the subject shipment(s) were in the custody, possession, or control of other parties, whether a party to this action, Euro Cargo has no liability for the claims asserted against it in the Complaint.

45. **Nineteenth Affirmative Defense.** Euro Cargo performed its contractual obligations in accordance with the agreed specifications and/or instructions of its principal and exercised reasonable care at all times during the performance of its obligations.

46. **Twentieth Affirmative Defense.** If Euro Cargo is found liable to Plaintiffs in tort, the negligence or fault of others must be compared, thereby barring or diminishing Plaintiffs' right to recover from Euro Cargo.

47. **Twenty-First Affirmative Defense.** Plaintiffs are barred from claiming or recovering any relief set forth in the Complaint as Plaintiffs failed to mitigate, minimize, or avoid any damages they allegedly suffered. The failure to mitigate is a bar and/or limitation, in whole or in part, to Plaintiffs' claims, such that the total amount of damages to which Plaintiffs are entitled must be barred or reduced.

48. **Twenty-Second Affirmative Defense.** The loss or damage alleged in the Complaint, if any, resulted from a cause arising without the fault or privity of Euro Cargo and without the fault or privity of any other person or entity imputable to Euro Cargo.

49. **Twenty-Third Affirmative Defense.** The loss or damage alleged in the Complaint, if any, resulted from causes not within the privity or knowledge of Euro Cargo or within the privity or knowledge of any other person or entity imputable to Euro Cargo.

50. **Twenty-Fourth Affirmative Defense.** The loss or damage alleged in the Complaint, if any, was proximately caused, or were contributed to, by the negligence, culpable conduct, breach of contract, breach of warranties, or breach of duties and obligations of other parties, whether a party to this action, and should judgment be awarded to Plaintiffs, it must be apportioned among all such other parties.

51. **Twenty-Fifth Affirmative Defense.** Euro Cargo is entitled to all rights, defenses, limitations of liability, and immunities contained in any applicable convention, statute, regulation, or law, whether foreign or domestic, that may apply to Plaintiffs' claims.

52. **Twenty-Sixth Affirmative Defense.** To the extent the subject shipment(s) are determined to have been the responsibility of Euro Cargo, Euro Cargo is entitled to all rights, defenses, limitations of liability, and immunities contained in any applicable convention, statute, regulation, or law, whether foreign or domestic, that may apply to Plaintiffs' claims, including but not limited to, the Carriage of Goods by Sea Act ("COGSA") and/or the Harter Act.

53. **Twenty-Seventh Affirmative Defense.** To the extent the subject shipment(s) are determined to have been the responsibility of Euro Cargo, Euro Cargo is entitled to all defenses contained in COGSA, including but not limited to, the following defenses as well as any other applicable cargo liability regime:

(a) Act, neglect, or default of the master, mariner, pilot, or the servants of the carrier in the navigation or in the management of the ship;

(b) Perils, danger and accidents of the sea or other navigable waters;

(c) Latent defects not discoverable by due diligence; and/or

(d) Any other causes arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier.

54. **Twenty-Eighth Affirmative Defense.** To the extent the subject shipment(s) are determined to have been the responsibility of Euro Cargo, the subject shipment(s) are subject to all of terms and conditions of its bill of lading, including but not limited to, the following:

> ¶ 4.(a) If loss or damage occurs while the goods or packages are in the custody of the ocean carrier, only the ocean carrier shall be responsible therefore, and any liability of the ocean carrier shall be determined by the terms and conditions of this Bill of Lading and any law compulsorily applicable.
>
> ¶ 4.(b) If loss or damage occurs while the goods or packages are in the custody of a participating domestic or foreign Carrier, only the participating domestic or foreign Carrier(s) shall be responsible therefore and any liability of such participating domestic or foreign Carrier(s) shall be determined in respective order by the term and conditions and provisions of the applicable participating domestic or foreign carrier's Bill(s) of Lading, whether issued or not, tariff(s) and law compulsorily applicable in the circumstance.
>
> ¶ 4.(e) At all times when the Goods or packages are in the custody of the above-mentioned participating domestic or foreign Carriers, such Carriers shall be entitled to all the rights, defenses exertions from or limitation of liability and immunities of whatsoever nature referred to or incorporated herein applicable or granted to the carrier as herein defined to the full extent permitted to such domestic and foreign Carrier under the Bill(s) of Lading tariffs and any other laws applicable or relating thereto, provided however that nothing contained in the Bill of Lading shall be deemed as surrender by these domestic or foreign Carriers of any of their rights and immunities or an increase of any of their limitations of and exonerations from liability under their said Bill(s) of Lading, tariffs or law applicable or relating to said carriage.
>
> ¶ 24. Carrier shall not be liable for any consequential or special damages and shall have the option of replacing lost Goods or repairing damaged Goods.
>
> ¶ 29. In case of any loss or damage to or in connection with goods exceeding in actual value the equivalent of $500 lawful money of the United States per package or in case of Goods not shipped in packages per shipping unit. The Carrier’s liability if any, shall be determined on the basis of $500 per package or per shipping unit or pro rata in case of partial loss or damage, unless the nature of the Goods and a valuation higher that $500 per package or per shipping unit shall have been declared by the shipper before shipment and inserted in this Bill of Lading and extra freight paid if required. In such case if the actual value of the Goods per package or per shipping unit shall exceed such declared value the value shall nevertheless be deemed to be declared value and the carrier's liability if any shall not exceed the declared value and any partial loss or damage shall be adjusted pro rata on the basis of such declared value. The words “shipping unit” shall mean each physical unit or

> piece of cargo not shipped in a package, including articles or things of any description whatsoever, except goods shipped in bulk and irrespective of the weight or measurement unit employed in calculating freight charge. When containers, vans, trailers, transportable tanks, flat, palletized unit and other such packages are not packed by the Carrier, each individual such container, van, trailer, transportable tanks, palletized unit and other such package including in each instance its contents shall be deemed a single package and Carrier's liability limited to $500 with respect to each such package.

55. Accordingly, in the event the Court determines the loss or damage occurred as set forth in the Complaint, the ocean carrier, not Euro Cargo, is responsible for the loss or damage as any such loss or damage would have occurred while the cargo was in the custody of the ocean carrier.

56. If, however, the Court determines that Euro Cargo is liable for Plaintiffs' alleged damages, which is expressly denied, Euro Cargo has the option to replace any lost or damaged goods, and Euro Cargo's liability for any lost or damaged goods is limited to the liability limitation set forth in the terms and conditions of service agreed upon by the parties and/or the shipping documents issued in connection with the subject shipment(s), including but not limited to, the liability limitation of $500 set forth in the bill of lading. Further, any consequential or special damages are not recoverable.

57. **Twenty-Ninth Affirmative Defense.** Euro Cargo was not responsible for the seaworthiness of the vessel that carried the subject shipment(s) or the lashing or any other securement of the subject shipment(s) in or on said vessel. Further, Euro Cargo had no control over the acts, omissions, and/or decisions undertaken by the owners, managers, and crew of said vessel, and therefore, did not have any duty to supervise, direct, or enforce any standards for, in, or on said vessel, including but not limited to, the seaworthiness of the vessel or lashing or other securement of shipments.

58. **Thirtieth Affirmative Defense.** Euro Cargo reserves the right to rely on any terms and conditions set forth in any shipping documents issued by other parties, whether a party to this action, in connection with the subject shipment(s), including but not limited to, any rights, defenses, limitations of liabilities, and immunities therein.

59. **Thirty-First Affirmative Defense.** Euro Cargo reserves the right to supplement the foregoing and raise additional defenses as may appear during the progress of this case to the fullest extent allowed under the controlling applicable law.

**CROSSCLAIMS AGAINST ZIM**

60. Euro Cargo repeats and re-alleges each and every response to the allegations contained in paragraphs 1 through 59 of the Complaint as if set forth at length herein.

61. At all times relevant hereto, co-defendant, ZIM Integrated Shipping Services Ltd. ("ZIM") was and now is engaged in business as a common carrier of goods for hire, issuing bills of lading and/or sea waybills for the common carriage of goods aboard certain ocean-going vessels.

62. Euro Cargo denies any liability to Plaintiffs for the loss or damage alleged in the Complaint.

63. Insofar as any loss or damage occurred as set forth in the Complaint, such loss or damage was caused solely by the negligence, culpable conduct, breach of contract, or breach of the duties and obligations imposed on common carrier of goods for hire of ZIM and its agents, servants, and/or subcontractors, without any negligence, breach, or fault by Euro Cargo.

64. By reason of the premises, Euro Cargo is entitled to contribution and/or indemnity from ZIM and its agents, servants, and/or subcontractors, whether based in contract (express or implied), tort, statute, admiralty, common law, or otherwise, for any and all sums which it may be

required to pay in connection with the loss or damage alleged by Plaintiffs, including costs, expenses, and reasonable attorney's fees.

65. Euro Cargo hereby tenders the defense of this action to the ZIM and demands reimbursement for all reasonable expenditures incurred to date and hereafter in defending against Plaintiffs' claims.

**ANSWER TO ALL CROSSCLAIMS**

66. Euro Cargo denies any and all allegations contained in any Crossclaim and filed or to be filed against it in this action. It denies that any codefendant is entitled to contribution and/or indemnification and holds codefendants to their proofs.

WHEREFORE, Euro Cargo demands that judgment be entered dismissing the Complaint against Euro Cargo, or in the alternative, for judgment on its Crossclaims against ZIM for the amount of any judgment against it, together with costs, disbursements, legal fees and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: November 6, 2026
New York, New York

CASEY & BARNETT LLC
*Attorneys for Defendant, Euro Cargo Express Inc.*

By:______________________________

Teresa H. Dooley
305 Broadway, Suite1202
New York, New York 10007
(212) 286-0225

CERTIFICATION OF MAILING

I, Teresa H. Dooley, Esq., am not a party to the action and am an attorney for Casey & Barnett, LLC. On November 6, 2026, I served the within **EURO CARGO'S ANSWER TO THE COMPLAINT WITH CROSSCLAIMS AND ANSWER TO CROSSCLAIMS** by ECF and E-mail to each of the following persons at the last known address set forth after each name.

TO: Justin M. Heilig
HILL RIVKINS LLP
45 Broadway, Suite 2110
New York, NY 10006
(212) 669-0644
Email: jheilig@hillrivkins.com
*Attorneys for Plaintiff*

Timothy James Nast
Tisdale & Nast Law Offices, LLC
405 Lexington Ave
26th Floor
New York, NY 10174
212-354-0025
Email: tnast@tisdale-law.com
*Attorneys for Defendant, Eastlink Supply Chain Management Co., Ltd.*

Teresa H. Dooley, Esq.